**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-4074 |
| Plaintiff - Appellee, | D.C. No. 2:19-cr-00214-KJM-1 |
| v. | |
| DARREL KIETH HIGGINBOTHAM, AKA Darrel Higginbotham, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted May 21, 2026
San Francisco, California

Before: COLLINS, JOHNSTONE, and DE ALBA, Circuit Judges.

Darrel Kieth Higginbotham appeals the district court's imposition of a 120-month sentence following his guilty plea to one count of possessing a firearm in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we dismiss the appeal.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We review for plain error whether the government breached the plea agreement because Higginbotham did not raise this issue before the district court. *See Puckett v. United States*, 556 U.S. 129, 133, 135 (2009).

The government did not breach the plea agreement. The agreement conditioned the government's recommendation for a three-level sentencing reduction on Higginbotham "clearly demonstrat[ing] acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1." *See United States v. Cannel*, 517 F.3d 1172, 1176–77 (9th Cir. 2008). Because the district court found that Higginbotham testified falsely at a post-plea evidentiary hearing about the number of uncharged firearms he owned and possessed for purposes of calculating his offense level, he failed to accept responsibility as contemplated by the agreement. *See* U.S. Sent'g Guidelines Manual § 3E1.1 cmt. n.1(A), n.4 (U.S. Sent'g Comm'n 2023). As a result, the government was not obligated to recommend acceptance of responsibility credit and did not breach the plea agreement by advocating against it. *See Cannel*, 517 F.3d at 1176–77.

Nor did the government breach the agreement by arguing for a two-level obstruction enhancement because the agreement allowed it to do so. Thus, the district court did not plainly err in failing to find that the government breached the plea agreement. *See Puckett*, 556 U.S. at 143. We enforce the agreement's appellate waiver and dismiss this appeal. *See United States v. Plancarte*, 147 F.4th

908, 912 n.2, 916 (9th Cir. 2025).

**DISMISSED.**